UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS REDSULL, | Case No. 2:18-CV-249 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is plaintiff Thomas Redsull's motion to remand to state court. (ECF No. 4). Defendant State Farm Mutual Automobile Insurance Company filed a response (ECF No. 8).

Also before the court is defendant's motion to dismiss. (ECF No. 3). Plaintiff filed a response (ECF No. 6), to which defendant replied (ECF No. 7).

**I.    Facts**

The instant action involves a contract dispute between plaintiff, a Nevada resident, and defendant, an Illinois corporation. (ECF No. 1). On August 18, 2015, plaintiff was involved in an automobile accident in Las Vegas, Nevada. (ECF No. 4). The tortfeasor was insured under two separate insurance policies with a combined total of bodily injury liability coverage of $65,000.00. *Id.* Plaintiff has previously recovered $65,000.00 from the tortfeasor's insurers. *Id.*

The injuries and damages sustained by plaintiff in the accident are in excess of the available bodily injury liability limits which were available to the tortfeasor. (ECF No. 1, Ex. A). Plaintiff made demand upon defendant, plaintiff's insurer, to tender the $15,000.00 value of his

underinsured motorist policy with defendant. *Id.* Upon refusal, plaintiff then filed the underlying complaint in state court on January 2, 2018. *Id.*

The complaint alleges claims for relief related to breach of contract and seeks monetary damages only in excess of the $65,000.00 previously recovered from the tortfeasor's insurance carriers. *Id.* Specifically, plaintiff seeks general damages in an amount in excess of $10,000.00, special damages to be determined at trial, punitive damages in an amount in excess of $10,000.000, and for costs of the suit and reasonable attorney's fees. *Id.*

Defendant removed the action to federal court on February 9, 2018, pursuant to 28 U.S.C. § 1441(a). (ECF No. 1).

In the instant motion, plaintiff moves to remand the action to state court. (ECF No. 4).

**II.    Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty*

*Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

In the statement of removal, defendant states that the matter in controversy exceeds $75,000.00. (ECF No. 1). While defendant acknowledges that the limit for the underinsured motorist coverage held by plaintiff was $15,000.00, defendant alleges that plaintiff asserted extra-contractual causes of action in addition. *Id.* Accordingly, defendant "is informed and believes that [plaintiff] will demand more than $75,000 in this lawsuit." (ECF No. 1 at 4).

In the instant motion, plaintiff argues that remand is proper because defendant has failed to overcome the strong presumption against removal. (ECF No. 4). In particular, plaintiff asserts that this suit concerns contractually related claims only and that plaintiff's counsel "has clearly represented that the sum of all total causes of action against defendant does not exceed $75,000.00." (ECF No. 4 at 4). Further, plaintiff argues that defendant's claim that the amount in controversy limit has been met is without any factual support. *Id.*

In response, defendant contends that "with extra contractual causes of action and [plaintiff's] related special, general, and potential punitive damages, coupled with the special damages that could flow from the separate breach of contract claim, the amount in controversy *could* exceed the $75,000 jurisdictional limit." (ECF No. 8 at 2) (emphasis added). Defendant further contends that the removing party need only prove by a preponderance of the evidence that there is a potential for the amount in controversy to exceed the jurisdictional requirement in order to defeat a motion for remand. (ECF No. 8).

James C. Mahan
U.S. District Judge

- 3 -

The court agrees with both parties that the burden of proof to be applied in removal cases "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled" is the preponderance of the evidence standard. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); s*ee also Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Further, it is the removing defendant who bears this burden. *Id.*

To meet its burden, the removing defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This court has previously held that evidence of other jury verdicts with substantial punitive damage awards could be sufficient to meet defendant's burden of proof. *McCarthy v. Globe Life and Acc. Ins. Co.*, 2012 WL 786241 at *1 (D. Nev. 2012).

While defendant repeatedly concludes that an award for punitive and special damages and attorney's fees here could result in the total amount of damages exceeding the jurisdictional limit, defendant also highlights the jury verdict for a Nevada state court case. *Cabrerra v. American Family Financial Services, Inc.*, 2009 WL 2923011 (Nev. Dist. Ct.). In *Cabrerra*, the total award for the plaintiff was $115,000, but the award for the breach of contract claim was only $40,000. While defendant cites to the remaining $75,000 awarded to the plaintiff in *Cabrerra* as evidence that plaintiff's jury award in this case is more likely than not to exceed the jurisdictional threshold, the court disagrees.

In *Cabrerra*, only $25,000 of the remaining $75,000 awarded by the jury was for punitive damages. *Id.* The other $50,000 awarded to plaintiff was for breach of the covenant of good faith and fair dealing and for violation of Nevada's Unfair Trade Practices Act. *Id.* Further, the amount awarded in *Cabrerra* for the plaintiff's breach of contract claim ($40,000) is more than two and a half times greater than the amount pled by plaintiff in this action ($15,000). Accordingly, the court does not agree with defendant that the jury's verdict in *Cabrerra* is evidence that plaintiff's damages award in this case is more likely than not to exceed the requisite jurisdictional limit. Aside from citing the *Cabrerra* jury verdict, defendant merely speculates that plaintiff's award *could* exceed $75,000.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Based on the foregoing, the court finds that defendant has not satisfied its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, plaintiff's motion to remand will be granted.

Because the court will grant plaintiff's motion to remand, the court will also dismiss defendant's motion to dismiss (ECF No. 3) as moot.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand to state court (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 3) be, and the same hereby is, DENIED as moot.

DATED May 2, 2018.

_____
UNITED STATES DISTRICT JUDGE